**Affirmed as Modified; Opinion Filed November 27, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00532-CR

### MARTIN RAMIREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F11-51959-L**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Myers

Martin Ramirez appeals from the adjudication of his guilt for indecency with a child. In two points of error, appellant contends the judgment should be modified to correctly reflect his plea to the motion to adjudicate and to show the conditions of community supervision he was found to have violated. We modify the trial court's judgment and affirm as modified.

Appellant waived a jury and pleaded guilty to indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2011). The trial court deferred adjudicating guilt and placed appellant on ten years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated condition (b) by testing positive for THC; condition (h) by failing to

pay costs and fines; condition (x) by viewing pornography; and condition (aa) by failing to complete sex offender treatment. In a hearing on the motion, appellant pleaded true to violating conditions (b) and (aa) and pleaded not true to violating conditions (h) and (x). The trial court found that appellant violated conditions (b) and (aa), granted the State's motion, adjudicated appellant guilty, and assessed punishment at ten years' imprisonment.

In two points of error, appellant asks that we modify the judgment to reflect he pleaded not true to two of the allegations in the State's motion to adjudicate and pleaded true to two allegations in the motion, and to show the conditions of community supervision he was found to have violated. The State agrees the judgment should be modified as appellant requests.

The judgment states appellant's plea to the motion to adjudicate was "true," and that he violated the terms and conditions of community supervision "as set out in the State's original motion to adjudicate guilt," implying that the trial court found all of the allegations in the motion to adjudicate true. The record, however, reflects that the trial court found appellant's pleas of true to have been freely and voluntarily made and granted the State's motion to adjudicate based on appellant's pleas of true. The trial court made no findings regarding the allegations to which appellant pleaded not true. Accordingly, the trial court's judgment does not correctly reflect appellant's pleas or the trial court's findings. Accordingly, we sustain appellant's points of error.

We modify the judgment to show the plea to the motion of adjudicate was "True to Conditions (b) and (aa); Not True to Conditions (h) and (x)." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30. We further modify the judgment to show that while on community supervision, appellant violated Conditions (b) and (aa).

As modified, we affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130532F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARTIN RAMIREZ, Appellant

No. 05-13-00532-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas (Tr.Ct.No. F11-51959-L).
Opinion delivered by Justice Myers, Justices O'Neill and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "True to Conditions (b), (aa); Not True to Conditions (h), (x)."

The section entitled "(5) While on community supervision, Defendant" is modified to show "(5) White on community supervision, Defendant violated Conditions (b) and (aa) of community supervision as set out in the State's Original Motion to Adjudicate Guilt."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 27, 2013.

/Lana Myers
LANA MYERS
JUSTICE